**UNITED STATES, Plaintiff,**

v.

**John Stuart CHENG, aka, John Stuart Chang, Defendant.**

**No. C 92–3799 SAW.**

United States District Court, N.D. California.

Dec. 1, 1993.

Mary Dooley, US Attys. Office, San Francisco, CA, for plaintiff.

Brad Yamauchi, Minami, Lew, Tamaki & Lee, San Francisco, CA, for defendant.

### MEMORANDUM AND ORDER

WEIGEL, District Judge.

*I. Background*

In 1974, Congress authorized the Public Health Service to establish a National Research Service Awards ("NRSA") program for the provision of grants for biomedical and behavioral research or research training. 42

U.S.C. § 2891–1.[1] Under the NRSA program, individuals receive federal financial support for tuition, fees and stipends to obtain pre-doctoral and post-doctoral biomedical and behavioral research training at public and private institutions. In return, each individual receiving an award ("awardee") must fulfill a period of obligated service in health research or teaching. 42 U.S.C. § 288(c); 42 C.F.R. § 660.110. Awardees who fail to perform the required service are liable to the United States for the total amount paid in awards to the individual, plus interest at a rate fixed by the Secretary of the Treasury. 42 U.S.C. § 288(c)(4); 42 C.F.R. § 660.110.

John Stuart Cheng ("Defendant") was awarded a total of $12,840.00 under the NRSA program for the period between September 19, 1978 and September 18, 1981. Defendant signed annual NRSA Payback Agreements ("Agreements") accepting the service obligation. By the terms of the regulations, Defendant's service requirement was 24 months.[2]

In or around April 1988, NRSA determined that Defendant owed NRSA the financial repayment and that this debt was overdue. NRSA then began its collection efforts. On September 7, 1988, NRSA informed Defendant by letter that his debt had been referred to the Internal Revenue Service ("IRS") for collection by offset of any federal income tax refunds to which he might be entitled.

On or about August 11, 1989, Defendant submitted seven completed Annual Payback Activities Certifications ("APACs") for the years 1981—1988 in which he alleged that he had fulfilled his service obligation through his employment as an elementary school teacher at the Oakland Unified School District between September 19, 1982, and June, 12, 1987.

On November 16, 1989, the Department's senior attorney informed Defendant's attorney (Gordon J. Finwall) that, based upon its review of his APACs and supporting documentation in Defendant's file, the Department had determined that Plaintiff's teaching did not fulfill the service obligation. The Department continued its collection activities. Since 1988, the IRS has withheld approximately $7100.00 from Defendant's federal tax refunds in partial repayment of the debt.[3]

On September 17, 1992, Plaintiff sued Defendant to recover the remaining amount due on Defendant's debt.[4] On April 30, 1993, Defendant counterclaimed to recover the amounts withheld from his federal income tax refunds, plus interest, attorneys' fees and costs.

Plaintiff now moves for summary judgment on its claim and for denial of Defendant's counterclaim.

## II. Discussion

Summary judgment shall be rendered if, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c).

■ Statutory principles govern the relationship between the parties. *United States v. Hatcher*, 922 F.2d 1402, 1406–07 (9th Cir. 1991), citing *Rendleman v. Bowen*, 860 F.2d 1537, 1541–42 (9th Cir.1988); *United States v. Citrin*, 972 F.2d 1044, 1046 (9th Cir.1992).

■ The discretion to determine what constitutes appropriate service for the purposes of the NRSA service obligation resides in the Secretary of the Department of Health and

---

1. The Public Health Service is a division of the Department of Health and Human Services. In 1985, Section 2891–1 was recodified by 42 U.S.C. § 288.

2. The 1981 amendments to the Public Health Service Act forgave the entire first year of support. P.L. 97–35 § 924(c). Thus the period of obligated service became one year for each year of support in excess of twelve months. 42 U.S.C. § 288(c). Because Defendant received a grant for three years, his service obligation was two years or 24 months.

3. The Plaintiff contends that $7,103.37 has been withheld. Mary Dooley Decl. ¶ 18–19. The Defendant contends that $7,139.00 is the correct amount. Defendant's Opposition, p. 7.

4. Plaintiff filed an amended complaint in which exhibits were corrected.

Human Services ("Secretary" or "Department").[5] 42 U.S.C. § 288(c)(3). The Secretary's determination must be upheld unless it is arbitrary and capricious or an abuse of discretion. Administrative Procedure Act, 5 U.S.C. § 706; *Hatcher*, 922 F.2d at 1405–06; *Citrin*, 972 F.2d at 1049; *Rendleman*, 860 F.2d at 1543.

In accepting the award and executing the Agreements, Defendant obligated himself to perform appropriate service for a specified time, or, upon default of this obligation, to repay the United States according to the terms of the Agreements.

Plaintiff plainly considered the information initially provided by Defendant and sought more information to clarify whether or not his teaching satisfied the requirement. Plaintiff applied a standard reasonably derived from the statute and found that Defendant's full-time teaching in a public elementary school was not sufficiently health-related to comply with the regulation's requirements.

Defendant has failed to raise any issue of material fact showing that the Department's determination was arbitrary or capricious or an abuse of discretion.

For the reasons set forth above the Plaintiff is legally entitled to the debt claimed. The amounts have been withheld pursuant to 31 U.S.C. § 3720 and 26 U.S.C. § 6402(d). Therefore, the IRS offsets were justified and Defendant's counterclaim for their return must be denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Summary Judgment is granted;

(2) Plaintiff's Motion to Deny Defendant's Counterclaim is granted.

**5.** 42 U.S.C. § 288(c)(3) provides:

The Secretary [of the Department of Health and Human Services] shall by regulation prescribe the type of research and teaching in which an individual may engage to comply with ... requirements respecting research and teaching as the Secretary considers appropriate.